UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL GERMAIN, #467411,

        Petitioner,               Case Number: 2:08-CV-10891

v.                                    HON. ANNA DIGGS TAYLOR

THOMAS BELL,

        Respondent.
_____/

**<u>OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u>**

      Petitioner Daniel Germain is currently incarcerated at the Parr Highway Correctional Facility in Adrian, Michigan. He has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the Michigan Parole Board's refusal to release him on parole. For the reasons set forth below, the Court denies the petition.

**I.**

      In September 2003, Petitioner pleaded guilty to third-degree criminal sexual conduct. On September 25, 2003, he was sentenced to three to fifteen years' imprisonment. His conviction arose from his repeated sexual activity with a thirteen-year old girl. The girl reported that she and Petitioner had intercourse on several occasions.

      In February 2006, Petitioner was released to a term of twenty-four months parole. In December 2006, Petitioner was charged with violating his parole by: (i) changing residences without permission of the field agent; (ii) having contact with minors; and (iii) dating an individual who resided with or had physical custody of minors without receiving prior written

permission from the field agent. Petitioner pleaded guilty to these violations, his parole was revoked and his incarceration continued for a twelve-month period.

In August 2007, the Michigan Parole Board denied him release on parole and continued his incarceration for eighteen months.

Petitioner filed a petition for a writ of habeas corpus challenging the Michigan Parole Board's failure to release him on parole on the ground that the 1992 amendments to parole laws violated the *Ex Post Facto* Clause and the Michigan Constitution. Petitioner also filed an amended petition claiming that the denial of parole violated his rights under the Due Process Clause because the parole board failed to advise him why he was being denied release on parole, the parole board members have a pecuniary interest in denying parole, and he was not advised that he would be "re-sentenced" every year by the Parole Board when they denied him parole.

**II.**

In his first habeas claim, challenges Revised Parole Bill (House and Senate Bill 4130, P.A. 181), which became effective on September 22, 1992. Petitioner argues that these 1992 amendments violate several provisions of the Michigan Constitution, as well as the *Ex Post Facto* Clause of the United States Constitution.

Petitioner has no constitutional or inherent right to be released on parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). In addition, the *Ex Post Facto* Clause of the Constitution forbids the government from passing any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (internal quotation omitted). The Clause is intended to provide fair warning about new

punishments and to discourage arbitrary and oppressive legislation. *Id.* at 28. "To fall within the *ex post facto* prohibition, two elements must be present: (1) the law must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." *United States v. Reese*, 71 F.3d 582, 585 (6th Cir. 1995), *cert. denied*, 518 U.S. 1007 (1996). In this case, Petitioner's crime occurred, and he was convicted and sentence after the challenged amendments were enacted. Therefore, he cannot establish an *ex post facto* violation.[1]

Petitioner also argues that the 1992 parole amendments violate several provisions of the Michigan Constitution. This fails to state a cognizable federal habeas claim. In order to demonstrate that he is entitled to habeas corpus relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, Petitioner is not entitled to relief on his claims concerning perceived violations of the Michigan Constitution, or any other state laws.

In his amended petition, Petitioner argues that the denial of parole has violated his rights under the Due Process Clause. Petitioner has no constitutional right to be released on parole because there is no constitutional right of a lawfully convicted person to be conditionally

---

[1] Another judge in this district recently addressed the 1992 amendments to Michigan's parole scheme and found that they violate the *Ex Post Facto* Clause. *Foster Bey v. Rubitschun*, No. 05-71318 (E.D. Mich. Oct. 23, 2007) (Battani, J.). In that case, Judge Battani found the *ex post facto* violation with regard to prisoners sentenced to "parolable" life terms based on the combined effect of several statutory amendments. *Foster Bey* does not support Petitioner's claim. *Foster Bey* is a class action which applies specifically to inmates serving parolable life sentences who committed crimes prior to October 1, 1992. Petitioner, by contrast, is serving an indeterminate sentence for a crime committed well after 1992.

released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Bd. of Pardons v. Allen*, 482 U.S. 369, 377 n.8 (1987). Thus, there is no federal constitutional right to parole. *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); *Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994).

In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board. *In re Parole of Johnson*, 235 Mich. App. 21, 596 N.W.2d 202 (1999) (per curiam) (citing Mich. Comp. Laws § 791.234(6)(d) and 791.234(7)). *See also* Mich. Comp. Laws § 791.234(9). The Michigan parole statute does not create a right to be paroled. *Hurst v. Dep't of Corr. Parole Bd.*, 119 Mich. App. 25, 28-29, 325 N.W.2d 615, 616 (1982). Because the Michigan Parole Board has discretion whether to grant parole, a defendant does not have a protected liberty interest in being released on parole. *Canales v. Gabry*, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994). "[T]he expectancy of release upon parole is not a constitutionally protected interest where the state holds out 'no more than a mere hope that the benefit will be obtained.'" *Wright v. Trammell*, 810 F.2d 589, 590 (6th Cir. 1987) (quoting *Greenholtz*, 442 U.S. at 11). Consequently, Petitioner does "not have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings." *Sharp v. Leonard*, 611 F.2d 136, 137 (6th Cir. 1979).

Petitioner contends that parole board members have a pecuniary interest in denying parole requests because parole board members are not protected by civil service rules and risk removal or denial of reappointment by the director of the Michigan Department of Corrections (MDOC) if they grant parole requests too freely. Petitioner argues that this undue influence violates due process. However, as noted above, Petitioner is not entitled to due process of law in

the parole consideration decision. Therefore, Petitioner's claim does not entitle him to habeas corpus relief.

Alternatively, if it was determined that Petitioner was entitled to due process of law in the parole release decision-making process, his habeas corpus petition must be denied nonetheless because Petitioner has not shown that the lack of civil service protection for parole board members deprived him of a "neutral and detached" decision maker.

"[T]he Supreme Court has held that the Fourteenth Amendment right to due process is certainly compromised where the decision maker has a 'direct, personal, substantial pecuniary interest' in the proceedings." *DePiero v. City of Macedonia,* 180 F.3d 770, 777 (6th Cir. 1999) (quoting *Tumey v. Ohio*, 273 U.S. 510, 523 (1927)). In *Tumey*, the direct, personal, substantial pecuniary interest in the outcome of the proceedings was cash payments the mayor (who also functioned as a judge) would receive if the defendant were convicted, but would not receive if the defendant were acquitted. In contrast to the direct pecuniary interest at issue in *Tumey*, the pecuniary interest alleged by petitioner is entirely speculative.

Petitioner speculates that parole board members must deny parole release to at least some applicants who should be granted parole release to maintain their positions on the parole board. Petitioner claims that the 1992 amendment to Mich. Comp. Laws § 791.231a, which makes parole board members accountable for their decisions, compels this conclusion. The 1992 amendment authorizes the director of the MDOC to remove parole board members for "incompetency, dereliction of duty, malfeasance, misfeasance, or nonfeasance in office." Mich. Comp. Laws § 791.231a. Petitioner argues that this provision compels parole board members to deny parole or risk removal. However, the Court is not persuaded that establishing professional

standards requiring diligence, professionalism, and competence amount to requiring parole board members to deny parole.

Absent substantial evidence of an arbitrary and capricious abuse of discretion amounting to a denial of a constitutional right, and absent evidence of a decision based on an unconstitutional factor such as an applicant's race, sex, religion, or prior exercise of protected constitutional rights, the Court should not interfere with the parole board's exercise of its discretion in denying an application for parole.

Finally, a parole board's denial of parole does not amount to resentencing of a defendant. *See Farkas v. United States*, 744 F.2d 37, 40 (6th Cir. 1984) (holding that the parole commission was "in no way resentencing the petitioner by granting or denying his application for parole").

Thus, the Court holds that none of Petitioner's claims warrant habeas corpus relief.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In denying the habeas petition, the Court has carefully reviewed the petition, the state court record, and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

## IV.

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus (d/e 1) is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**


DATED:  January 16, 2009                              **s/Anna Diggs Taylor**
                                                      ANNA DIGGS TAYLOR
                                                      UNITED STATES DISTRICT JUDGE

---

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 16, 2009.

Daniel Germain, #467411
Parr Highway Correctional Facility
2727 East Beecher St.
Adrian, MI 49221

                                                      s/Johnetta M. Curry-Williams
                                                      Case Manager